## MEDDERS, et ux v. FOREMOST INSURANCE CO., et al.

No. 79-134-CA-01-K.

## MEDDERS, et ux v. FLORIDA FARM BUREAU INSURANCE CO., et al.

No. 79-359-CA-01-K.

Circuit Court, Volusia County.
November 1, 1979.

John R. Godbee, Jr. of Coble, McKinnon, Rothert, Bohner, Barkin & Godbee, Daytona Beach, for the plaintiffs.

William A. Parsons of Gosney, Cameron, Parsons & Marriott, Daytona Beach, for the defendant Foremost Insurance Co.

Robert W. Alton of Smalbein, Eubank, Rosier, Johnson & Bussey, Daytona Beach, for the defendant Florida Farm Bureau Insurance Co.

ROBERT P. MILLER, Circuit Judge.

*Final judgment:* This cause was tried before the court. Plaintiffs purchased a double-wide mobile home from the bank which had financed their previous mobile home. The purchase price was $16,714. Plaintiffs agreed with the bank that the bank was to obtain the same type of insurance coverage the bank had procurred for their previous mobile home. The policy produced by the bank was with the defendant, Foremost Insurance Company, and the only coverages were for comprehensive loss to the home and personal effects, secured interest protection and natural disaster protection. The plaintiffs permanently placed their home on a lot they owned under an undisclosed type of contract. The home sat on concrete pilings and block and had no wheels or undercarriage by which it could be moved.

About four months later plaintiffs were engaged in a discussion at their home with Mr. Barry Graves, an agent for the Farm

Bureau, about insurance on one of the plaintiffs' new trucks. The conversation turned to a recent tornado and its destruction of a mobile home in the neighborhood. Mr. Graves asked about plaintiffs' coverage on their mobile home. The testimony as to what conversation followed is in conflict, but in any event Mr. Graves issued a policy with the Farm Bureau with coverage "Cash value not to exceed $30,000." In the confidential portion of the application the agent gave his personal estimate that the home was worth $30,000.

The conflicting testimony referred to above had to do with the existence of other insurance, and since the defendant, Farm Bureau, has withdrawn any defense based on misrepresentation such evidence is not relevant to the remaining issues and will not be discused further.

About four months later the mobile home burned and was a total loss. Plaintiffs filed suit against both insurance companies separately but the suits were consolidated for all purposes prior to the trial.

Based upon the evidence this court makes the following findings of fact and conclusions of law —

1. The mobile home was for all practical purposes immovable and therefore was not personal property and was subject to the *Valued Policy Law*, F. S. Section 627.702.

2. Neither policy contained a clause prohibiting other insurance, and on the contrary both contained other insurance clauses which provided for lesser exposure if other insurance existed. Such clauses are contrary to the Valued Policy Law and therefore invalid, see *Martin v. Sun Ins. Office of London* (Florida 1922) 91 So.363.

3. The home was a total loss as the result of a fire.

4. That the Valued Policy Law, F. S. 627.702, has the effect of making all fire insurance policies "valued policies" and in the case of total loss the statute provides that the loss shall be the amount of money for which the property was insured and for which premium was charged and paid. Evidence of a contrary value cannot be submitted by the insurer. See F. S. 92.23. When there are several permissible concurrent policies of fire insurance and there is total destruction by fire of the insured premises, the aggregate amount of the insurance written, or the sum of the face amounts in the policies, is conclusive as to the value of the property insured and the true amount of the loss and measure of damages when so destroyed. In the absence of fraud or other valid defense each insuror is liable for the full amount of his policy. See *Springfield Fire & Marine Insurance Co. v. Boswell* (1st D. C. A., 1964):

5. The insurer cannot defeat the purpose of the Valued Policy Law by failing to expressly state in its policy the amount of money for which the property is insured or by the use of phrases such as "actual cash value" or "actual cash value not to exceed a specific amount."

6. There is not a specific amount of money referred to in the Foremost policy as "amount of insurance," "policy limits," or any other phrase which would reflect the amount of money for which the home was insured. Therefore the amount of insurance must be determined by the intent of the parties. Upon all the evidence presented this court finds that it was the intent of the parties that the amount of insurance be no less than the initial amount of indebtedness which was $16,714, which is the amount plaintiffs are entitled to recover from Foremost Insurance Company for the loss of their home.

7. This court further finds that the amount of insurance under the Farm Bureau Policy was $30,000, which is the amount plaintiffs are entitled to recover from Farm Bureau for the loss of their home.

8. This court in making the above conclusions and findings is cognizant of the windfall received by the plaintiffs, and that such interpretation of the Valued Policy Law might be subject to criticsm as promoting wagering contracts. Counsel for the defendant, Foremost Insurance Company, even argued that such interpretation would literally scorch the surface of our state. These arguments have been considered and weighed in the above cited Florida cases and such will not be repeated herein except for the note that such statute in effect places the burden of preventing such consequences upon the insurance industry by not over-insuring or allowing existence of other insurance policies. Any other interpretation would encourage the insurance industry to over-insure and collect premiums where there is no risk.

9. The court further finds that the plaintiffs have a loss of $600 for additional living expenses and by virtue of the other insurance clauses of the policies $225 of such loss shall be recovered from Foremost Insurance Company and $375 shall be recovered from Florida Farm Bureau.

10. The plaintiffs and the defendants have stipulated on a personal property loss in the amount of $13,522.15, which the parties have agreed shall be recovered from Florida Farm Bureau in that Foremost Insurance Company is excess insurance for that loss.

It is therefore ordered and adjudged that the plaintiffs, William H. Medders and Alma Medders, have and recover from the defend-

ant, Florida Farm Bureau Mutual Insurance Company, the sum of $43,897.15, for which sum let execution issue.

It is further ordered and adjudged that the plaintiffs, William H. Medders and Alma Medders, have and recover from the defendant, Foremost Insurance Company, the sum of $16,939.39, for which sum let execution issue.

It is further ordered and adjudged (upon stipulation of the parties) that this court retain jurisdiction for the purpose of assessing attorney's fees, if any, and costs in favor of the plaintiffs.